IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Travis McCrea, a/k/a Travis McCrae, a/k/a Travis Sintell McCrae,<br><br>    Plaintiff,<br><br>vs.<br><br>Duke Energy Carolinas, LLC, Helvey & Associates, Inc,<br><br>    Defendants. | CASE NO.: 4:25-cv-13115-JD-TER<br><br><br><br>**MEMORANDUM ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 17.) The Report recommends that this action be dismissed without prejudice for failure to prosecute and failure to comply with the Court's prior proper-form orders, and that any pending motions be deemed moot. (*Id*.) Plaintiff Travis Sintell McCrae, proceeding *pro se*, filed objections to the Report. (DE 19; DE 21.) Also before the Court is Plaintiff's Motion for Stay of Proceedings and Notice of Good-Faith Resolution Efforts. (DE 25.)

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## I.    BACKGROUND

Plaintiff filed this civil action on October 24, 2025. (DE 1.) Although the pleading is styled as "Plaintiff's Motion for Fraudulent Billing, Discriminatory Practices, Breach of Contractual Duty, and Unlawful Debt Collection," the Court liberally construes it as Plaintiff's Complaint. Plaintiff names Duke Energy Carolinas, LLC, "by and through its Chief Financial Officer Brian Savoy," and Helvey & Associates, Inc. as Defendants. (*Id.*)

Plaintiff alleges that Duke Energy issued false billing statements, fabricated arrearages, imposed improper fees, and failed to audit or verify disputed account information. (*Id.* at 2.) Plaintiff also alleges that he made a $752.42 payment on September 20, 2025, that the account reflected a zero balance, and that Helvey & Associates nevertheless issued a September 24, 2025, collection letter seeking to collect the same $752.42 balance. (*Id.*) Plaintiff asserts claims or theories including fraudulent billing, discriminatory service practices, breach of contractual or fiduciary duty, unlawful debt collection, FCRA violations, and related state-law claims. (*Id.* at 3.) Plaintiff seeks damages, injunctive relief, correction of billing and collection records, and other relief. (*Id.* at 4.)

On October 27, 2025, the Magistrate Judge granted Plaintiff's motion for leave to proceed *in forma pauperis*, subject to the Court's continuing authority to review the case, and entered a proper-form order advising Plaintiff that the case was not in proper form for service. (DE 5; DE 7.) The proper-form order directed Plaintiff to complete one summons form for each Defendant, complete and return a separate

Form USM-285 for each Defendant, and answer and sign the Local Rule 26.01 interrogatories. (DE 5.) The order warned Plaintiff that failure to bring the case into proper form could result in dismissal for failure to prosecute and failure to comply with an order of the Court under Rule 41 of the Federal Rules of Civil Procedure. (*Id.*)

## II.    REPORT AND RECOMMENDATION

On January 13, 2026, the Magistrate Judge issued the Report recommending dismissal without prejudice and recommending that any pending motions be deemed moot. (DE 17.) The Report found that Plaintiff had failed to comply with the Court's prior proper-form orders and that Plaintiff's lack of response indicated an intent not to prosecute this case. (*Id.*) The Report also noted that the mail sent to Plaintiff had not been returned to the Court and was, therefore, presumed to have been received. (*Id.*)

The Report advised Plaintiff of the deadline to file specific written objections and warned that failure to timely file specific objections could waive appellate review. (*Id.*) Plaintiff filed objections on January 27, 2026. (DE 19.) Plaintiff later filed additional objections or supplemental objections on January 30, 2026. (DE 21.) Plaintiff also filed a motion to stay proceedings on February 24, 2026. (DE 25.)

## III.    LEGAL STANDARD

The Court must review de novo only those portions of the Report to which a party makes a specific objection. 28 U.S.C. § 636(b)(1). To be actionable, objections must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4

(4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

In the absence of specific objections, the Court need not conduct a de novo review and must only satisfy itself that there is no clear error on the face of the record before adopting the recommendation. *Id.*; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## IV.    DISCUSSION

After a thorough review of the Report, Plaintiff's objections, the motion to stay, the docket, and the applicable law, the Court adopts the Report in part and modifies the recommended disposition.

The Report correctly concludes that Plaintiff failed to comply with the Court's proper-form orders. Plaintiff was twice directed to complete and return the documents necessary to bring this case into proper form for service, including completed summons forms, completed USM-285 forms, and signed Local Rule 26.01 interrogatories. (DE 5; DE 14.) Plaintiff was also warned that failure to comply could result in dismissal under Rule 41. (DE 5.) Despite those warnings, Plaintiff did not submit the required proper-form documents by the deadlines set by the Court.

Plaintiff's objections do not show that the Magistrate Judge erred in finding noncompliance. In fact, Plaintiff acknowledges that he did not comply "in the precise

4

format or manner" directed by the Court regarding service documents and Local Rule 26.01 interrogatories. (DE 19.) The record, therefore, supports the Report's conclusion that Rule 41(b) dismissal is available.

The Court does not reach the merits of Plaintiff's claims at this stage. The issue before the Court is whether Plaintiff's failure to comply with the Court's proper-form orders warrants dismissal. However, Plaintiff's Complaint and attachments provide additional context for the Court's exercise of discretion. Plaintiff alleges that collection activity continued after he made a payment that allegedly resulted in a zero balance, and he attached materials purporting to show both the collection letter and the payment confirmation. Those allegations do not excuse Plaintiff's failure to comply with the Court's orders, and the Court expresses no opinion on whether they state a claim. But they reinforce that the better course, given Plaintiff's timely objections and express request to cure, is to provide one final opportunity to bring the case into proper form before dismissing the action.

That said, the Court finds that immediate dismissal is not warranted at this time. Plaintiff's objections, liberally construed, are sufficiently specific to require de novo review of the recommended dismissal. Plaintiff states that he did not intend to abandon this action, that his failure resulted from procedural misunderstanding, and that he is prepared to immediately file proper service documents and Local Rule 26.01 interrogatories. (DE 19.) Plaintiff's later filing likewise states that he intends to prosecute this action, complete service documents and Local Rule 26.01 interrogatories, and file an amended complaint stating cognizable claims. (DE 21.)

The Court is mindful that Plaintiff is personally responsible for complying with the Court's orders and that repeated failure to comply burdens the Court's ability to manage its docket. The Court also recognizes that Plaintiff has already received more than one opportunity to cure the proper-form defects. However, the record does not show that Defendants have been served or that they have suffered litigation prejudice from the delay. The defects at issue are procedural and curable. Further, Plaintiff's timely objections indicate an intent to prosecute the action and include an express request for a short opportunity to cure.

Accordingly, the Court sustains Plaintiff's objections *only* to the limited extent that Plaintiff requests one final opportunity to bring the case into proper form. The objections are overruled in all other respects. The Court adopts the Report's findings that Plaintiff failed to comply with the Court's orders and that dismissal under Rule 41(b) is available, but the Court modifies the Report's recommended remedy by allowing Plaintiff one *final* opportunity to cure the deficiencies.

Plaintiff's motion to stay proceedings is denied. (DE 25.) Plaintiff states that he has engaged in discussions with Defendant Duke Energy Carolinas, LLC, and requests a stay or extension to allow resolution efforts. (*Id.*) The motion does not establish that a stay is warranted, does not show that all parties consent to a stay, and does not cure Plaintiff's failure to submit the proper-form documents required by the Court's orders. A stay would not advance the case toward service or proper form. The appropriate course is not to stay the case, but to give Plaintiff one final, limited deadline to comply with the Court's proper-form requirements.

Plaintiff is, therefore, ordered to bring this case into proper form within fourteen (14) days of the entry of this Order. To comply, Plaintiff must submit all of the following:

1. One completed summons form for each Defendant named in this action;

2. One completed and signed Form USM-285 for each Defendant named in this action, containing a complete service address for each Defendant;

3. Completed and signed Local Rule 26.01 interrogatories; and

4. To the extent Plaintiff seeks to assert claims on behalf of Nipsey'z Checkmate Inc., the Travis Sintell McCrae Living Trust, or any other separate legal entity, a statement clarifying whether Plaintiff asserts claims only on his own behalf or whether he seeks relief on behalf of an entity. Plaintiff is advised that a *pro se* litigant generally may not represent a corporation, nonprofit, trust, estate, or other separate legal entity in federal court.

No motion, letter, objection, settlement-related filing, or filing addressing the merits of Plaintiff's claims will substitute for the required proper-form documents. Plaintiff is specifically warned that failure to comply fully and in a timely manner with this Order will result in dismissal of this action without prejudice under Rule 41(b) and without further notice.

## V.    CONCLUSION

After a thorough review of the Report, Plaintiff's objections, Plaintiff's motion to stay, the record, and the applicable law, the Court ADOPTS IN PART AND MODIFIES IN PART the Report and Recommendation (DE 17). The Court adopts the Report's findings that Plaintiff failed to comply with the Court's proper-form orders and that dismissal under Rule 41(b) is available. The Court modifies the

7

recommended disposition to allow Plaintiff one final opportunity to cure the proper-form deficiencies.

Plaintiff's objections (DE 19; DE 21) are SUSTAINED IN PART and OVERRULED IN PART. They are sustained only to the extent Plaintiff requests one final opportunity to bring this case into proper form. They are overruled in all other respects.

Plaintiff's Motion for Stay of Proceedings and Notice of Good-Faith Resolution Efforts (DE 25) is DENIED.

Plaintiff shall have fourteen (14) days from the entry of this Order to submit completed summons forms, completed and signed USM-285 forms, and completed and signed Local Rule 26.01 interrogatories. If Plaintiff fails to comply fully and in a timely manner with this Order, this action will be dismissed without prejudice and without further notice.

IT IS SO ORDERED.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
June 11, 2026

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.